

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Walker Carson
County Attorney, Hudspeth County
Sierra Blanca, Texas

Dear Sir:

Opinion No. O-5444

Re: Authority of the Commis-
sioners' Court of Hudspeth
County to pay Sheriff ex-
officio salary under facts
stated.

We have your letter of July 13, 1943, stating the following facts:

"* * * The sheriff of Hudspeth County has been compensated on a fee basis for years, and his fees and commissions as sheriff, tax collector and assessor accrue during the last three months of the year, when collections are made on the taxes carry-ing the higher bracket commissions. Consequently, a newly elected sheriff, coming into the office in January is compelled to operate his office from January to October with very little fees coming in, due to his predecessor having collected all commis-sions in the higher brackets before he went out of office.

"The Commissioners' Court, in view of these circumstances, desires to allow the sheriff a salary for ex-officio services, and has requested me to ob-tain an opinion from your office as to the legality. The fees and excess fees of this office have for several years reached the maximum allowed under

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Articles 3883 and 3891, and excess fees have been
returned to the county, at the end of the year. * * **

You further state that by the end of the year the
amount of fees collected by the office will probably exceed the
maximum but not until after October, and that for the first six
months they have amounted to less than $700.00. The Commission-
ers' Court would like to allow compensation for ex-officio serv-
ices not to exceed $1,000.

Under the above stated facts, you request our opin-
ion as to whether the Commissioners' Court may legally allow
the payment of compensation for ex-officio services to the of-
ficer in this instance.

Article 3895, Vernon's Annotated Civil Statutes,
provides as follows:

"The Commissioners' Court is hereby debarred
from allowing compensation for ex-officio services
to county officials when the compensation and excess
fees which they are allowed to retain shall reach
the maximum provided for in this chapter. In cases
where the compensation and excess fees which the
officers are allowed to retain shall not reach the
maximum provided for in this chapter, the Commis-
sioners' Court shall allow compensation for ex-officio
services when, in their judgment, such compensation
is necessary, provided, such compensation for ex
officio services allowed shall not increase the com-
pensation of the official beyond the maximum of com-
pensation and excess fees allowed to be retained by
him under this chapter. Provided, however, the ex
officio herein authorized shall be allowed only after
an opportunity for a public hearing and only upon the
affirmative vote of at least three members of the
Commissioners' Court."

The prohibition against allowing compensation for
ex-officio services to county officials contained in the above
statute becomes effective only "when the compensation and ex-
cess fees which they are allowed to retain shall reach the
maximum provided for in this chapter."

In small counties, where the officers are compensated on a fee basis, such as yours, a county officer cannot determine until near the close of the fiscal year whether his fees of office will be sufficient, after all lawful expenses have been deducted, to make the maximum salary allowed to be retained by him. However, the officer, for instance the sheriff, has been rendering to the county ex-officio services from the very beginning of the year, therefore, it is the common and lawful practice for commissioners' courts, upon application of county officers, to fix their respective ex-officio compensation in January for the entire current year. But where this procedure is not followed or when no such compensation has at such a time been fixed for any officer, or has been fixed for some officers but not for all, it is legal for the commissioners' court at a later date to fix such compensation, if in their judgment such compensation is necessary, for those officers who have not been theretofore allowed such compensation. Opinion No. 0-4649, a copy of which is herewith enclosed.

It appears from your letter that no order has heretofore been made by the commissioners' court of your county with reference to ex-officio compensation to the sheriff for the current year, therefore that officer has not been paid any such compensation for any part of the current year. Under these facts, you are advised that the commissioners' court, upon application by the sheriff, and upon compliance with Article 3895, may enter an order granting the same within the statutory limit fixed by Art. 3934.

You are further advised that, under the facts stated in the instant case, the commissioners' court may lawfully make its order retroactive to January 1, 1943. Dallas County v. Lively, 106 Texas 364, 167 S. W. 219. Or said court may lawfully enter an order allowing compensation for the remaining part of this year. If the order is made retroactive to January 1, the sheriff may then be issued a warrant for the months that have elapsed since that date. However, if the order is prospective and only for the remainder of the year, the maximum amount that may be paid the sheriff cannot exceed for any one month 1/12th of $1,000, because Article 3934 specifically provides that $1,000 is the maximum amount that may be allowed a sheriff per annum as compensation for ex-officio services. It follows that where such compensation is allowed for any time less than one year the full compensation for one year may only be proportionally allowed.

In view of the facts in the instant case, we deem it proper to call your attention to the case of Tarrant County, et al, v. Smith, et al, (Tex. Civ. App.) 81 S. W. (2d) 537, error refused, in which it was held where a county paid in advance ex-officio compensation to a sheriff who subsequently made the maximum compensation allowed by law to be retained by him for that year, exclusive of the ex-officio compensation paid him by the county, that it became his duty to return the amount of ex-officio compensation so received to the county, and, upon his failure to do so, the county had a cause of action against him and his bondsman for the amount so unlawfully retained. Also see Tarrant County, et al, v. Hollis, et al, 76 S. W. (2d) 198, error dismissed.

We are enclosing a copy of our Opinion No. O-4500, \ which we discussed a similar question and reached the same \clusion expressed in this opinion.

                              Yours very truly,

                         ATTORNEY GENERAL OF TEXAS

                         By  E. R. Simmons
                                  Assistant

APPROVED AUG 12, 1943

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS



